AMERICAN ROLL-PAPER Co. *v.* KNOPP *et al.*

(*Circuit Court, E. D. Missouri, E. D.*   November 8, 1890.)

1. PATENTS FOR INVENTIONS—PRESUMPTION OF PRIORITY—INFRINGEMENT AND INTERFERENCE.
   Where two patents interfere, there is a rebuttable presumption that the inventor who first applied for a patent was the first inventor.

2. SAME—RIGHT TO DAMAGES.
   Where two patents interfere, and the later in date was first applied for, the owners of the latter cannot have damages for an infringement by the owner of the other without first obtaining an adjudication under Rev. St. U. S. § 4918, providing for suits to determine questions of interference, that the other is void.

3. SAME—PLEADING.
   A count under that section for an interference and a count for infringement may be joined in the same bill.

In Equity.
*Geo. H. Knight*, for complainant.
*Paul Bakewell*, for defendant.

THAYER, J.   In this case it appears that the roll-paper machine manufactured and sold by defendants is manufactured strictly in accordance with the specification and drawings of letters patent of the United States No. 394,121, owned by defendants, and issued to Edward L. Knopp December 4, 1888, the application for which was filed September 8, 1888. Complainant's contention is that defendants' machine embodies substantially the same invention claimed and described in letters patent of the United States No. 409,028, granted to the complainant, as assignee of Leo Ehrlich, on August 13, 1889, the application for which appears to have been filed December 2, 1887, and was renewed March 28, 1889. Its contention is also that the machine is an infringement of the Ehrlich pat-

ent.   Assuming, but without deciding, that it is substantially the same invention, and that the Ehrlich device possesses patentable novelty, still complainant cannot recover in this case, (defendants' patent having been first granted,) unless it is shown in some way that Ehrlich was the original and first inventor of the device; and it has not been so shown to my satisfaction.   There is no evidence in the record as to whether Knopp or Ehrlich was the original and first inventor, unless the fact that Ehrlich's application for a patent was first filed creates a presumption that he was the first inventor.   But the date of an application for a patent does not necessarily or ordinarily indicate the true date at which the invention was made, because inventors sometimes, if not often, fail to make an application for a patent for months after the invention is complete.   In the case at bar it appears, as before stated, that Knopp first obtained a patent, although Ehrlich's application for one was first placed on file. Under the circumstances, and in the absence of other evidence on the subject, the court will not presume that Ehrlich was the first inventor, and the burden is on complainant to establish that fact.   It is just as reasonable to infer that Knopp was the first inventor.   I have not stopped to consider whether, in a bill of this character, which is merely a suit for infringement, it is competent for the complainant to show that Erlich was the first inventor of the alleged infringing device, and thus invalidate the prior Knopp patent.   For present purposes, it is sufficient to say that, if the fact in question may be shown, it has not been, and a decree must go against the complainant on that ground.

Another feature of the case justifies comment.   It was admitted at the hearing that the complainant is not manufacturing, and has not manufactured, any machines under the Ehrlich patent, or put them on the market in any manner.   It is manufacturing a machine made under a patent granted five years previous to the Ehrlich patent, which it evidently considers superior to the Ehrlich machine, and seems to be using the latter patent merely to keep other manufacturers of roll-paper machines out of the market.   Whatever its technical right to make such use of the patent may be, its conduct in this respect evidently deprives the public of whatever advantages the Ehrlich invention possesses, contrary to the true policy of the patent laws.

The bill is dismissed.

ON MOTION FOR REHEARING.

(January 3, 1891.)

THAYER, J.   **1.**   Under the authorities cited, it must be conceded that, in the absence of proof showing the true date of each invention, the presumption is that each invention was made at the time the respective applications were filed.   *Bates* v. *Coe*, 98 U. S. 33, 34; *Pennington* v. *King*, 7 Fed. Rep. 463; *Dane* v. *Manufacturing Co.*, 3 Biss. 380.   According to this view, as the Ehrlich application was filed December 2, 1887, and the Knopp application on September 8, 1888, and as there is no evidence that Ehrlich's original application was modified or amended

in any respect after it was filed, it must be conceded, as the proof stands, that Ehrlich is presumptively the first inventor.

2. But although Ehrlich's application was first filed, defendants' patent antedates his by eight months, and defendants appear to be manufacturing paper rollers strictly in accordance with the claims of their patent. Plaintiff's contention is that defendants' patent is subordinate to the Ehrlich patent, and that it is for the same invention, covered by the first three claims of the Ehrlich patent. It has accordingly filed a bill in the ordinary form for an alleged infringement of its exclusive rights. In view of these facts, defendants insist that complainant cannot maintain a simple bill for infringement, in view of the priority of their letters, but that it should couple with its bill for infringement a count under section 4918, to have the Knopp patent adjudged void, in whole or in part, because of the alleged interference. The question thus raised seems to be one of first impression; at all events, I have not been referred to any case where the precise point has been considered and adjudicated. It was not considered in the case of *Lane* v. *Soverign*, 43 Fed. Rep. 890, for the decision in that case turned merely on a question of pleading, the cause having been submitted on the bill, answer, and replication; nor was the question at all discussed in *Johnsen* v. *Fassman*, 5 Fish. Pat. Cas. 471, nor in the case of *House* v. *Young*, 3 Fish. Pat. Cas. 335, cited by defendants' counsel. In the latter case, the defendant was acting under a reissued patent later in date than complainant's, but defendant's original patent antedated complainant's patent. In the ordinary case of a bill for infringement, filed by the holder of a senior patent against the holder of a junior patent, the claims whereof conflict, it is no defense that the defendant is acting under a patent. The reason of the rule, as I apprehend, is that by the grant of the first letters the government exhausts its power to grant to another person a monopoly of the same invention, hence the holder of the prior patent is at liberty to treat the subsequent patent as utterly void, in so far as it conflicts with the earlier grant. Rob. Pat. § 370. But there is an obvious distinction between such a case and one where the defendant proceeded against holds the prior grant, and is operating thereunder in good faith. Ordinarily a prior grantee of a right, privilege, or estate cannot be proceeded against as a trespasser by a subsequent grantee of the same grantor, even though the prior grant is for some reason voidable, until the proper steps have been taken to have the invalidity of the prior grant judicially ascertained and declared. The principle last referred to seems to be applicable to the case at bar.

It may be that the commissioner of patents erred in granting a patent to the defendants while the earlier application of Ehrlich was on file; but, be that as it may, if such action was erroneous, it was an error, in my judgment, that merely renders the patent voidable in a direct proceeding brought to establish its invalidity, as the government clearly had power when the grant was made to issue a patent for the invention in question. A suit for infringement which proceeds plainly upon the theory that the defendants are trespassers, although acting strictly within

the terms of a prior grant, and that they are liable to the subsequent patentee for profits and damages, even before the invalidity of the prior grant had been judicially ascertained, would not seem to be a proper remedy, in view of the fact that a more appropriate remedy has been provided by statute. Section 4918 is well designed to afford relief in a case like the one at bar. It provides, in substance, that whenever there are interfering patents, any one interested in any one of them may have relief against the interfering patentee by a suit in equity, and the court, after due proceedings had according to the course of equity, may adjudge either of the patents void in whole or in part. The judgment in such case binds the parties thereto and those acquiring title to or an interest in the patent in question subsequent to such adjudication.

Under the provisions of this section, the complainant, if its contention is well founded, may obtain a decree determining to what extent defendants' prior patent is subordinate to its own, and to what extent, if any, the claims of the prior patent are invalid. Upon the whole, therefore, I conclude that in a case like the one at bar, where defendant holds and is operating under a prior grant, it is incumbent on the plaintiff to proceed, in the first instance, under section 4918, to have the invalidity of defendants' patent, in whole or in part, judicially ascertained and declared. That method of procedure appears to the court more regular, and more in accordance with the analogies of the law, than to permit the complainant to proceed against the defendants merely for infringement.

It has been held that a count for infringement and a count under section 4918 may be joined in the same bill, and I can see no objection to that course of procedure. *Leach* v. *Chandler*, 18 Fed. Rep. 262; *Holliday* v. *Pickhardt*, 29 Fed. Rep. 853; *Swift* v. *Jenks*, Id. 642.

The decree heretofore entered was for the right party; and will be allowed to stand, but it will be modified so as to show that the dismissal ordered is without prejudice to the right to proceed as herein indicated.