WESTERN ELECTRIC CO. v. SPERRY ELECTRIC CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 20, 1894.)

No. 104.

PATENTS—SUITS FOR INFRINGEMENT—CONFLICTING PATENTS.

The owner of the junior of two conflicting patents is not obliged to obtain a cancellation of the senior patent by suit, under Rev. St. § 4918. before suing the senior patentee for infringement, since the question of infringement depends on priority of invention, and the remedy given by said section is merely cumulative. Roll-Paper Co. v. Knopp, 44 Fed. 609, disapproved.

On rehearing. Denied.

For report of decision on the original hearing of the appeal, see 58 Fed. 186.

Before FULLER, Circuit Justice, and WOODS and JENKINS, Circuit Judges.

WOODS, Circuit Judge. Upon questions already considered, the court is content with its opinion. The petition for a rehearing treats mainly of a proposition which was not presented either to this court or the court below. Indeed, it was not directly in issue, and, being of the nature of matter in abatement, perhaps could have been made an issue only by a special plea. It is claimed now that the question is before us because of the statement made by the court in its opinion, in respect to the question of infringement, that "the first claim of the Sperry patent, and other claims not quoted, are essentially the same as the first and second claims of the patent in suit." By this expression of a fact, which was obvious upon the face of the two patents, it is said this court has decided, and made it to appear for the first time, that "these are conflicting patents;" and, that being so, it is insisted that the holder of the patent last

issued cannot sue the owner of the first patent without first obtaining a cancellation of the earlier patent by a decree under section 4918 of the Federal Revised Statutes. Of the cases cited, only the decision in Roll-Paper Co. v. Knopp, 44 Fed. 609, supports the proposition. In effect it is decided in that case that, when two patents for one invention have been issued, the owner of the second, without first having obtained or without seeking by his bill the relief provided by the statute, cannot sue for an accounting and to enjoin infringement by the owner of the first patent. The following extract from the opinion shows the reasoning on which the decision is based:

"In the ordinary case of a bill for infringement filed by the holder of a senior patent against the holder of a junior patent, the claims whereof conflict, it is no defense that the defendant is acting under a patent. The reason of the rule, as I apprehend, is that by the grant of the first letters the government exhausts its power to grant to another person a monopoly of the same invention. Hence, the holder of the prior patent is at liberty to treat the subsequent patent as utterly void, in so far as it conflicts with the earlier grant. Rob. Pat. § 370. But there is an obvious distinction between such a case and one where the defendant proceeded against holds the prior grant, and is operating thereunder in good faith. Ordinarily, a prior grantee of a right, privilege, or estate cannot be proceeded against as a trespasser by a subsequent grantee of the same grantor, even though the prior grant is for some reason voidable, until the proper steps have been taken to have the invalidity of the prior grant judicially ascertained and declared. The principle last referred to seems to be applicable to the case at bar. * * * It has been held that a count for infringement and a count under section 4918 may be joined in the same bill, and I can see no objection to that course of procedure. Leach v. Chandler, 18 Fed. 262; Holliday v. Pickhardt, 29 Fed. 853; Swift v. Jenks, Id. 642."

We are not able to concur in that view. The analogy between letters patent for inventions and grants of ordinary rights, privileges, or estates is not perfect, and fails, we think, at the turning point of the present question. By an ordinary grant there is a transfer of title or estate or ownership from one to another; and the grantor, having parted with what he had, can give nothing by a second deed. The second deed is therefore necessarily ineffective, at law at least, until the first has been set aside; and the holder of the first deed, having the legal if not equitable title, cannot be a trespasser. But, by granting letters patent for an invention, the government makes no transfer to the patentee of a right, privilege, or estate theretofore vested in itself. The essential right is in the inventor before he obtains a patent. By making one grant, therefore, the government does not lose power to make another. The letters constitute, under the law, simply prima facie evidence of the patentee's right to the invention described, as being his own discovery; but whether or not he was in fact the first inventor is left an open question between the patentee and other persons, whether they have patents for the same invention or not. Whether one patentee or the other, when he makes or uses the invention, is an infringer or trespasser depends upon the inquiry whether the one or the other was the first inventor, and not whether he was the first to obtain a patent, and this inquiry may as well be made in the ordinary suit in equity as in the proceeding provided by the statute.

Indeed, in practical effect, a decree in one procedure is not different from the other. The questions of validity and priority, as "between the parties to the suit and those deriving title under them," are settled, whether the decree be in one form or the other.

If it be true, as stated, that "the holder of the prior patent is at liberty to treat the subsequent patent as utterly void, in so far as it conflicts with the earlier grant," and for that reason "cannot be proceeded against as a trespasser" until his patent has been canceled, then the cases in which "it has been held that a count for infringement and a count under section 4918 may be joined in the same bill" must be wrong, because the second count of such a bill would refute the charge of trespass or infringement contained in the first count. It would follow, too, that after an adjudication had been obtained under the statute, establishing the validity of the second patent, the owner of it could have no remedy for prior infringements, committed when the respondent was protected by his own patent and was entitled to treat the complainant's patent as void. The only escape from this would seem to be in the proposition that the adjudication under the statute should be deemed to relate back, but the rule is familiar that things rightly done will not be made wrongful by the doctrine of relation.

The statute, in terms, is applicable alike to all parties concerned. "Whenever there are interfering patents, any person interested in any one of them," it is provided, "may have relief against the interfering patentee, * * * and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part," etc. It is conceded that a junior patentee cannot plead his patent as a defense. To the holder of the senior patent, therefore, the remedy of the statute is cumulative, and we are able to see no controlling or good reason for saying that to the other party it is exclusive or restrictive.

Rehearing denied.