### STEINBERGER v. GENERAL ELECTRIC CO.

(District Court, N. D. New York. August 4, 1913.)

COURTS (§ 525*)—DIFFERENT FEDERAL COURTS—SUIT FOR INFRINGEMENT—STAY.
   Where a suit in equity has been brought under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), to determine the right to a patent, a subsequent suit for infringement by the successful against the unsuccessful applicant may properly be stayed a reasonable time to await the determination of such issue.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 525.*]

In Equity. Suit by Louis Steinberger against the General Electric Company. On motion by defendant for stay. Granted.

Motion for suspension of further proceedings herein until the hearing and determination of a suit now pending in the Eastern District of New York, brought under the provisions of section 4915 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3392) and the Acts of February 9, 1893, c. 74, § 9, 27 Stat. 436 (U. S. Comp. St. 1901, p. 3391), to have it decreed that one Hewlett was and is the first inventor of the subject-matter of the claims of the patent granted to Steinberger, and that the General Electric Company, as assignee of the invention, is entitled to receive a patent therefor, and directing the Commissioner of Patents to issue a patent to the General Electric Company accordingly.

Charles H. Wilson, of New York City, for plaintiff.
Charles Neave, of New York City, for defendant.

RAY, District Judge. After proceedings in the Patent Office and on an appeal therefrom to the Court of Appeals of the District of Columbia, the right of the plaintiff, Steinberger, to a patent for the invention in controversy was upheld and a patent issued accordingly. The General Electric Company and said Edward M. Hewlett, the alleged first inventor, then brought suit in the District Court of the Eastern District of New York, where Steinberger resides, under section 4915 of the Revised Statutes of the United States and the Act of February 9, 1893, in effect to reverse such action and obtain a decree directing that the patent for the invention issue to the General Electric Company. The plaintiff brings suit for infringement of the patent issued to him for this invention against said General Electric Company in the Northern District of New York, where the General Electric Company resides and has its principal manufactory and where the alleged infringements were committed.

Inasmuch as the law is as it is and the suit in the District Court of the Eastern District of New York was first brought and is at issue and speedily may be tried and it does not appear that such suit was instituted for delay, I think it reasonable and just to suspend further action in this infringement suit to give the plaintiffs in that action in the Eastern Dstrict an opportunity to have it heard and decided. It can be heard and decided by October 1, 1913, and when that time comes, if the case has not been heard and decided, this case should proceed.

It is true that in this the infringement case the question of who was the first inventor may be presented and passed upon. The decisions rendered and referred to are not conclusive on the General Electric Company, but I think it should have a reasonable time in which to present that single question, as the law has provided for such a course. If it is used to delay and harass the plaintiff, Steinberger, who now has the patent, this court can at any time compel the defendant to proceed in this case.

So ordered.