## EICK v. ECONOMIC MACHINERY CO.

(District Court, D. Massachusetts. March 13, 1924.)

No. 1784.

Patents ⬅️66—Double patenting; later patent for same invention to different patentee not void.

A later patent, issued for the same invention covered by a prior patent, but to a different patentee, is not void, and the owner of the later patent may sue the owner of the earlier, either at law or in equity, for infringement, the question of priority of inventions being a matter which may be put in issue and determined.

At Law. Action by Otto Eick against the Economic Machinery Company. Plea in bar held not to state defense.

Hamilton Tirrell and Francis P. Garland, both of Boston, Mass., for plaintiff.

Joseph T. Brennan and Oliver Mitchell, both of Boston, Mass., for defendant.

MORTON, District Judge. This is an action at law for the infringement of letters patent No. 1,230,138, to Eick, dated June 19, 1917, for a labeling machine. The declaration is in the usual form.

The defendant has pleaded in bar the ownership of certain patents issued to it as assignee of one Woodland, which cover the same in-

vention described in the patent in suit and were issued in 1914 and 1915, before the patent in suit. The plea is in effect orally demurred to, the plaintiff suggesting that it discloses no defense.

The principal question presented is whether a prior patent covering the same invention as the plaintiff's patent rendered the plaintiff's patent of no effect. There is a further question whether the plea raising that issue can be tried at law separate from the main issue, in order to avoid the expense, which might prove unnecessary, of a full trial of the case under the answer, which has been filed without waiving the special plea.

It is well settled that a later patent issued to the same patentee, covering an invention disclosed in a former patent to him, is void. Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121. On such facts there can be no question of priority between different inventors, and it seems clear that the grant of the first patent for the invention exhausted the power of the Patent Office to deal with the matter. Moreover, there are considerations in the nature of estoppel which bear heavily against the second patent. Plainly the law ought not to enable an inventor by successive patents to prolong his monopoly of an invention which he has once patented.

Whether the same rule applies when the later patent is issued to a separate inventor is a question on which there has been a difference of judicial opinion.

In Western Electric Company v. Sperry Electric Co., 59 Fed. 295, 8 C. C. A. 129, it was held by an able Circuit Court of Appeals that the owner of the later patent might sue in equity the owner of the earlier one for infringement. An earlier decision by Judge Thayer, in Roll Paper Co. v. Knopp, 44 Fed. 609, in which the opposite result was reached, was expressly disapproved. In Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121, after reviewing the earlier cases, it is said:

"The result of the foregoing and other authorities is that no patent can issue for an invention actually covered by a former patent, especially to the same patentee, although the terms of the claims may differ." Jackson, J., 151 U. S. 198, 14 Sup. Ct. 315, 38 L. Ed. 121.

This decision was made on January 8, 1894, and Chief Justice Fuller apparently took part in it. He also took part, while on circuit, in Western Electric Co. v. Sperry Electric Co., supra, which was decided 12 days later (January 20, 1894), and contains no reference to the Miller Case. The reasoning in the Miller Case appears inconsistent with the view taken in the Western Electric Company Case. In Automatic Weighing Machine Co. v. Pneumatic Scale Corporation, 166 Fed. 288, 92 C. C. A. 206, the Circuit Court of Appeals for this Circuit had before it an equity suit upon the Thomas patent, and the defendant held the Watson patent covering the same invention which had been issued before the Thomas patent upon an application subsequent to the Thomas application. In interference proceedings in the Patent Office priority had been awarded to the Thomas patent. The point now made was not raised. It was held that the plaintiff was entitled to recover.

It is the view of the Miller Case that the grant of a patent for any specified invention, establishing as it does a monopoly in that field,

exhausts the power of the Patent Office to deal with that subject-matter, and that later attempts to grant the same monopoly are nugatory. The view underlying the Western Electric Company Case appears to be that the Patent Office has the power to grant a patent to the first inventor only, and that it is not precluded from exercising this power in his favor by the fact that a patent for the same invention had previously been granted to another person, who in the light of subsequent information appears not to have been the first inventor.

The Patent Office does not decide finally as to priority of invention. It generally acts ex parte and on the facts as they then appear. It is not desirable, and often not just, to preclude by such proceedings parties who had no knowledge of them and no opportunity to be heard. If it be held that the grant of a patent exhausts the power of the Patent Office to deal with the subject-matter, then a real inventor, recognized as such by the Patent Office, might find himself unable to get any patent without first going through cancellation proceedings, which are notoriously difficult, long-winded, and expensive. These considerations do not seem to have been much considered in the Miller Case. It was not necessary that they should be, because there both patents were to the same inventor. That decision is not questioned, but it does not cover the present case.

While the matter is certainly doubtful, I incline to the view which was taken in the Western Electric Company Case, and is to some extent, I think, supported by the Automatic Weighing Machine Co. Case. I do not think that I am precluded from so doing by the Miller Case. It follows that the plea, standing alone, would not bar the plaintiff's action. If the earlier patentee, Woodland, was the first inventor, it is, of course, open to the defendant to show that at the trial.

The defendant contends that, even if the result which I have reached were proper in a suit in equity, a different rule should be applied in an action at law; that the equity suit for infringement might be regarded as in the nature of a short cut to an interference and cancellation proceedings, which an action at law cannot be. But the question appears to me to be one of strict law, and this point is disposed of by the view which I have taken.

Case to stand for trial.