## KUHLKE MACH. CO. v. MILLER RUBBER CO.

(District Court, N. D. Ohio, E. D. October 19, 1925.)

No. 1290.

**1. Patents ☞283(1) — Suit for infringement maintainable on issued patent, pending interference declared against patent with another application.**

Owner of patent may maintain suit thereon for infringement, pending interference declared against the patent with application of another for patent, before question of priority of invention is determined in the interference proceeding; Rev. St. 4904 et seq. (Comp. St. § 9449 et seq.), being exclusive only as steps or means to procure issuance of a patent, and not in the sense that owner of issued patent may not, pending such proceedings, maintain suit thereon, in which the question of priority may be determined.

**2. Patents ☞313—Suit not dismissed on ground of triviality of infringement, on mere unadmitted allegations of answer.**

Suit for infringement of patent will not be dismissed on the ground of triviality of infringement, on the mere unadmitted allegation of the answer that use was only in an experimental way, and discontinued on filing of bill.

In Equity. Suit by the Kuhlke Machine Company against the Miller Rubber Company for infringement of patent. On motion to dismiss, or stay further prosecution. Motion denied.

Albert L. Ely, of Akron, Ohio, for plaintiff.

Hull, Brock & West, of Cleveland, Ohio, and Munn, Anderson & Munn, of New York City, for defendant.

WESTENHAVER, District Judge. This is a patent infringement suit, based on United States letters patent 1,490,468. The patent sued on was issued April 15, 1924, to one Otto J. Kuhlke, and by him assigned to the plaintiff. Claims 1, 6, 14, 15, and 18 only are in issue. Defendant's answer sets up that claims 1, 14, and 15 are now in issue in an interference proceeding in the Patent Office between a pending application of Peter De Mattia and Kuhlke's unexpired patent. This interference was declared after the Kuhlke patent issued, and before this suit was begun. The infringement charge is based on a use by defendant of a device embodying De Mattia's invention, manufactured by De Mattia Bros., who control, if they do not own, the De Mattia application involved in the interference. It is further said that the defense of this action has been taken over and is now being made by the manufacturer.

Defendant, upon filing its answer, set up the foregoing facts, and moved that prosecution of this suit be stayed until the issue of priority between Kuhlke and De Mattia was determined in the interference proceeding. This motion was later withdrawn. On final hearing, defendant's counsel brought the situation thus created to the court's attention, and urges that the bill should be dismissed as to claims 1, 14, and 15, or at least that further prosecution of this suit be stayed. In view of the novelty and importance of the question of law thus raised, further hearing on the merits was suspended and full argument, orally and by briefs, was heard, directed alone to these questions. Neither party deems it advisable to proceed in the meantime with the case on the remaining claims.

[1] Briefly stated, the question involved is this: Can the owner of a duly issued patent maintain a suit thereon for infringement pending an interference declared against that patent with another application, before the question of priority of invention is determined in the interference proceeding. Defendant contends that he may not, for several reasons: (a) That he does not show in himself a clear and undisputed title to the invention involved in the conflicting applications, and hence equity will not proceed to hear an application for an injunction until plaintiff's title has been otherwise established. (b) That an interference proceeding in the manner prescribed in section 4904, R. S. (Comp. St. § 9449), is the exclusive method of determining questions of priority between applicants for a patent to the same invention. (c) That, if such procedure is not exclusive, still, the interference having been declared before this suit was begun, prior jurisdiction as to the issue of priority of invention has been obtained by a tribunal vested with power to determine that issue, which cannot be ousted indirectly by later bringing an infringement suit. (d) That, in any event, the patentee's title being clouded, and priority of jurisdiction having attached in an interference proceeding, this court should, as a matter of comity or convenience, stay further proceedings herein until that issue has been determined by the tribunal to which it is committed by statute.

In determining these questions it is important to bear in mind certain principles of patent law which neither party disputes. An inventor cannot sue for infringement, either at law or in equity, until a patent has issued for his invention. The patent, however, is not the origin of his property right in his invention. It is a grant from the government of an exclusive right during 17 years from the date of his patent to make, vend, and use his invention, and to exclude all others from so doing. That grant is the source of his patent monopoly, and of his right to maintain an action either at law or in equity. Until that grant is made, any one else may make, vend, or use his invention, without liability at law or in equity. If from any cause the issue of a patent is indefinitely delayed, all prior wrongdoers escape accountability for damages or profits. The patentee must rely on his exclusive right during the remaining years of his patent monopoly to recoup losses thus sustained before his patent issues.

If, as in this case, the interference is declared between an unexpired issued patent and a pending application, and it should be finally held that priority is with the application, and not with the unexpired patent, a patent will issue on the former. It will then happen that there are two outstanding patents for the same invention. No provision is made in the patent law for canceling or revoking a prior issued patent, later held in an interference proceeding not to be entitled to priority. If De Mattia prevails in the interference proceeding as to claims 1, 14, and 15, a patent will issue therefor to him, and then both Kuhlke and De Mattia will have patents outstanding for the same invention. It often happens, through inadvertence or otherwise, that interfering patents are issued to different patentees. In that situation, section 4918, R. S. (Comp. St. § 9463), provides a specific remedy. It is well-settled law that, in an action brought under section 4918, the issue of priority of invention is open to determination, even though that issue has once been decided in an interference proceeding.

An interference, under section 4904, R. S. (Comp. St. § 9449), with the ensuing appeals, and a suit under section 4915, R. S. (Comp. St. § 9460), are steps or means whereby an inventor can get a patent. As already said, he has no monopoly, nor, indeed, any right which a court of law or equity will protect until he has procured a patent. The junior party in an interference with an issued patent must follow through the procedure thus outlined and get his patent, in order to get a standing in court to sue for infringement. As a means to get this status, the tribunal created by these sections has exclusive jurisdiction. The procedure therein outlined must be adopted and

followed. A suit under section 4915 may not be brought until he has exhausted his remedies under section 4904. The question here is whether that procedure is exclusive in any other sense than as a means to determine priority for the purpose of authorizing a patent to issue.

It is settled law that decisions of the Patent Office tribunals, including decisions of the District Court of Appeals on appeal, both on ex parte applications for a patent and on interference, are not res judicata. This is true, even in a suit under section 4915, brought by the defeated party to get his patent. As between parties to the proceeding, they have a certain force and effect. They will be presumed to be correct, and the burden is cast upon a party calling the same in question to establish the contrary, by testimony which in character and quantity carries thorough conviction. The language often used is: The burden of proof rests upon him, and every reasonable doubt should be resolved against him. The important principle, however, is that a decision, in a proceeding to get a patent, of an issue of priority, does not preclude the re-examination of the same question, when properly drawn in issue in another forum. See Walker on Patents, § 142; Computing Scale Co. v. Standard Computing Scale Co. (6 C. C. A.) 195 F. 508, 115 C. C. A. 418; Morgan v. Daniels, 153 U. S. 123, 14 S. Ct. 772, 38 L. Ed. 657; Wiegand v. Dover Mfg. Co. (D. C.) 292 F. 255, 257.

In an interference proceeding, the burden is on the junior applicant. He can sustain this burden of proof by a preponderance of the evidence, unless his application is put in interference with an issued and unexpired patent. In that situation, the rule is that the junior party must produce evidence strong enough to remove all reasonable doubt, thus applying to him in the interference the same rule as is applied under section 4915 to the defeated party, and as is applied in an infringement suit when an effort is made to carry an invention date back of the application date of a patent. This being so, very slight advantage could accrue to defendant from staying proceedings in this court until the interference is decided. Being the junior party in interference with an issue patent, he must sustain the burden of proving priority by clear and convincing evidence, if not, indeed, beyond a reasonable doubt. If in this case the defendant can prove beyond a reasonable doubt priority of invention with De Mattia, the

Kuhlke patent will be held invalid, and plaintiff's suit must fail. In the last analysis, the question becomes merely one as to which tribunal shall try the question of priority. If this court has jurisdiction, no heavier burden of proof is placed on defendant than must be borne by De Mattia in the interference.

Counsel concede the exact question now presented to be new. Certain authorities, however, are cited, having more or less pertinency, which call for examination. In Walker on Patents, § 142, it is said: "If it is made [decision in an interference] between an application and a patent, and is made in favor of the application, the Commissioner will grant a patent thereon, but he cannot recall the patent already issued. In such a case, the rival inventors may litigate their interference controversy anew, on the equity side of any United States District Court which has or can acquire jurisdiction of the parties." Obviously the author refers to an action brought under section 4918. The position of the parties will then be reversed, no doubt, as to the burden of proof and the kind of evidence required to sustain it. 2 Robinson, § 588, says: "Where patents already granted conflict with another, the Patent Office has no authority over them, and the rival patentees must seek the solution of their difficulties in the courts. * * * Its judgment upon an interference can affect only the applicant, to whom it refuses or allows a patent; a rival claimant who has previously obtained a patent continuing to hold it until it is declared invalid by the courts, although the later applicant has proved his own priority before the interference tribunal and received his patent." Thus it appears that both Walker and Robinson are in agreement.

In Western Elec. Co. v. Sperry Elec. Co. (7 C. C. A.) 59 F. 295, 8 C. C. A. 129, a case decided by Chief Justice Fuller and Circuit Judges Woods and Jenkins, it was held that a junior patentee might sue a senior patentee for infringement without bringing a suit under section 4918, R. S., to have the senior patent first declared invalid. Prior thereto it had been held that the senior patentee might join a count under section 4918 to have the junior patent declared invalid with a count charging infringement. This case is important, in that it established a rule, adhered to ever since, that the holder of either the senior or junior interfering patent may maintain a suit in equity for infringement against the other, without first resorting to a suit under section 4918.

The remedy provided by this section, it is held, is cumulative, and not exclusive, and that the general jurisdiction of a court of equity over patent infringement suits as recognized by section 4921, R. S. (Comp. St. § 9467), is ample to try and determine in the first instance all issues of priority. To the same effect is Eick v. Economic Machinery Co. (D. C.) 297 F. 835. In principle, the law of those cases dominates the situation now before the court.

In Rousso v. Barber (3 C. C. A.) 3 F.(2d) 740, the facts presented the same question of law, but it was not discussed in the opinion. Solomon and Rousso both had issued patents, the former being·the senior patentee. Solomon applied for a reissue, and his application was put in interference with the Rousso patent and three other pending applications for similar patents. At the end of the Patent Office controversy, the District Court of Appeals found priority with Solomon, and his reissue was granted. Later Rousso brought suit on his junior patent against Solomon for infringement, notwithstanding the decision in the interference in Solomon's favor, in which suit the same issue of priority was again raised. A consent decree was entered sustaining the Rousso patent. Later Rousso brought suit against Barber, a third party, for infringement, in which the latter again raised the issue of priority, by setting up Solomon's prior invention. It was found and held that Rousso was entitled to priority, notwithstanding the previous finding in the interference proceeding of the District Court of Appeals in Solomon's favor. The important feature of the case is that Rousso, as the holder of the junior patent, was permitted to maintain an ordinary infringement suit in equity, without resorting to section 4918, and that the court proceeded to try and determine all issues of priority, thus adopting and following, apparently without challenge, the doctrine of Western Elec. Co. v. Sperry.

Defendant's counsel cites and relies on Craig v. Static Control Co. (2 C. C. A.) 295 F. 72, as strongly supporting its contention. Such is not my understanding of the case. The plaintiff therein asserted title to an invention embodied in a pending application of one Cohen, which had been put in interference with an issued and unexpired patent to one Smith, and the issue of priority raised thereby was pending and undecided. He was seeking to have that issue of priority determined in Cohen's favor, and as a result of such determination to compel Smith to transfer to plaintiff his issued patent.

Obviously the plaintiff, no more than Cohen, could get a patent in this indirect way. In that sense, the remedies provided by section 4904 and following sections are exclusive as to Cohen, and of necessity likewise exclusive as to the plaintiff, Cohen's equitable assignee. All the language in the opinion, discussing the exclusive jurisdiction of the Patent Office to determine an issue of priority, must be and was in fact limited to this state of facts. There is no intimation, much less a holding, that the owner of an issued patent may not bring an infringement suit thereon, whether his patent is junior or senior, or whether his issued patent is in interference or not. My view is that sections 4904 and 4915 provide the exclusive method whereby one may obtain a patent, and Cohen, as well as the plaintiff, could not proceed otherwise. But those sections are not exclusive, in the sense that they preclude a court of equity from taking jurisdiction of a patent infringement suit brought by the holder of an issued patent, any more than does section 4918 preclude a court of equity from taking jurisdiction of a patent infringement suit prior to a cancellation by the junior patentee of an outstanding and interfering prior patent.

In support of the motion to stay prosecution until the interference is decided, defendant's counsel cites Wiegand v. Dover Mfg. Co. (D. C.) 292 F. 255; Steinberger v. General Elec. Co. (D. C.) 207 F. 114. The stay in the Wiegand Case was not granted by me. My information is that the order granting the stay was acquiesced in by counsel without invoking a decision of the District Judge. In the Steinberger Case the stay was granted for a period of two months only, until· a prior action, brought under section 4915 and then ready for submission, might be heard and decided. It was granted with a statement that, if the case under section 4915 had not then been heard and decided, the infringement case should proceed. It is further said, it is true, that in this infringement case the question of who was the first inventor may be presented and passed on. This is an indirect recognition that the present suit was properly brought and may proceed.

My conclusions will be briefly summarized. The plaintiff, being the undisputed owner of letters patent, may bring and maintain an infringement suit thereon. If De Mattia should prevail in the interference and get a junior patent, plaintiff would still be the owner of an issued patent, and might still bring an infringement suit thereon.

No power is vested in any one to cancel plaintiff's patent, except in a suit brought by the holder of an interfering patent under section 4918. The owner of either a senior or junior interfering patent is not obliged to proceed under section 4818 to have the interfering patent canceled, but may sue on his own patent, and may have in such suit' all questions of priority tried and decided. This being true, if De Mattia prevails in the interference and gets a junior patent, it follows that the jurisdiction of a court of· equity is not cut down because the interference proceeding has not yet been decided. Section 4904 and the following sections are exclusive only as steps or means to procure the issue of a patent. They are not exclusive in the sense that the owner of an issued patent may not, pending such proceedings, maintain a suit at law or in equity thereon.

In the last analysis, the question becomes one only of the burden of proof and the kind and character of evidence required to sustain it. In the instant case, defendant is burdened with the duty of proving De Mattia's priority of invention by clear and convincing evidence. If he succeeds, plaintiff's suit will fail. In the Patent Office interference, as the junior party seeking priority over an issued patent, he is charged with precisely the same burden. In this situation, I am of opinion that neither equity nor convenience requires that this suit should be stayed in the hope and expectation that De Mattia may get a decision in the interference, which will shift the burden of proof and compel plaintiff to overcome the presumption that such decision is correct, by clear and convincing evidence. All issues of priority being properly raised in this cause, this court has full jurisdiction to try them. It cannot be assumed that this court will not decide those issues competently and in accordance with the evidence.

[2] Defendant's counsel, in his brief, urges that the bill should be dismissed because of the trivial nature of defendant's infringement. It is said that defendant was using in an experimental way only a machine made by De Mattia Bros., and that on the filing of this bill that use was discontinued and the machine was later returned. Defendant's limited infringement is set up in its answer, but is not admitted by plaintiff or otherwise stipulated for the purpose of passing on this motion. It is and remains a disputed issue of fact, outside the present submission, and can only be disposed of on final hearing.