25 C.C.P.A. (Patents)

## PENNZOIL CO. v. HERCULES POWDER CO.

### Patent Appeal No. 4039.

Court of Customs and Patent Appeals.

March 28, 1938.

John S. Powers, of Buffalo, N. Y. (Joseph W. Milburn, of Washington, D. C., of counsel), for appellant.

Edward B. Beale, of Washington, D. C. (John A. Graves, of Wilmington, Del., of counsel), for appellee.

R. F. Whitehead, of Washington, D. C., amicus curiæ.

340

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The appellee, Hercules Powder Company, has here moved to dismiss the instant appeal of the Pennzoil Company.

The motion is based upon the following facts: The Hercules Powder Company sought to register in the United States Patent Office the term "Dipensol" for a terpene hydrocarbon solvent for use in processes and compounds using turpentine. The Pennzoil Company filed notice of opposition, based upon its ownership and use of its registered trade-mark "Pennzoil" for lubricating oils and other hydrocarbon products. The Examiner of Interferences dismissed the oppositon on the ground that there was no reasonable likelihood of confusion arising from the concurrent use of the two marks upon the goods of the respective parties. This holding was affirmed by the Commissioner of Patents, and the Pennzoil Company appealed here from his decision.

The Hercules Powder Company filed notice with the Commissioner of Patents of its election to have further proceedings brought under section 4915 of the Revised Statutes, as amended, 35 U.S.C. § 63, 35 U. S.C.A. § 63. The Commissioner declined to enter an order of dismissal of appeal, pointing out that his ruling was made by analogy to the ruling of this court in Farmer and Thomas v. Schweyer, 58 F.2d 1056, 19 C.C. P.A., Patents, 1247. He adhered to this ruling when the Hercules Powder Company petitioned him to rescind the ruling.

In this court, the motion of the appellee to dismiss was set for oral hearing. Both parties to the opposition proceeding filed memoranda and orally argued the motion to dismiss. The Solicitor for the Patent Office, as amicus curiæ, also presented an argument on the motion and later filed a memorandum on behalf of the Patent Office. In his oral argument and in his memorandum, the solicitor urged that the motion to dismiss should be denied.

It is the position of the Hercules Powder Company, appellee, that section 4911 of the Revised Statutes, as amended, 35 U.S. C. § 59a, 35 U.S.C.A. § 59a, mandatorily requires the dismissal of the appeal. Said section reads as follows: Sec. 4911. "If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 4915 of the Revised Statutes [section 63 of this title]. If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 4912 of the Revised Statutes [section 60 of this title], file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 4915 of the Revised Statutes [section 63]. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 4915 [section 63], in default of which the decisions appealed from shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 4915 [section 63]."

The appellant failed to file, within thirty days after the filing of the notice of said election by appellee, a bill in equity under section 4915 in accordance with the provisions of section 4911.

Section 4915 of the Revised Statutes, as amended, 35 U.S.C.A. § 63, in part provides as follows: Sec. 4915. "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, *may have remedy by bill in equity,* if filed within six months after such refusal; *and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention,* as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent

Office a copy of the adjudication and otherwise complying with the requirements of law." (Italics ours.)

Section 9 of the Trade-Mark Act of February 20, 1905, as amended by the Act of March 2, 1929, § 2(b), 15 U.S.C. § 89, 15 U.S.C.A. § 89, reads as follows: Sec. 9. "That if an applicant for registration of a trade mark, or a party to an interference as to a trade mark, or a party who has filed opposition to the registration of a trade mark, or party to an application for the cancellation of the registration of a trade mark, is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the United States Court of Customs and Patent Appeals, on complying with the conditions required in case of an appeal from the decision of the commissioner by an applicant for patent, or a party to an interference as to an invention, *and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable.*" (Italics ours.)

▮ It is well established that under the above-italicized language in section 9, supra, section 4915 of the Revised Statutes is applicable in certain trade-mark cases and authorizes a defeated applicant for registration of a trade-mark the right to file a bill in equity. American Steel Foundries v. Robertson et al., 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953; Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.2d 264. It is also definitely settled by decisions of the courts that under said section 4915 the remedy of filing a bill in equity is afforded a defeated registrant in a trade-mark cancellation proceeding. U. S. ex rel. Baldwin Co. v. Robertson et al., 265 U.S. 168, 44 S.Ct. 508, 509, 68 L.Ed. 962; Alexandrine v. Coe, 63 App. D.C. 227, 71 F.2d 348. No case relating to an opposition proceeding in the Patent Office has been cited, and none has been found, where the right of a defeated registrant-opposer was considered.

▮ The law is well settled that a defeated patentee-interferant cannot proceed under said section 4915 either voluntarily (MacGregor v. Chesterfield, D. C., 31 F.2d 791; Heidbrink v. McKesson, 6 Cir., 53 F.2d 321), or by compulsion of his adversary as sought to be exercised under said section 4911 (Farmer and Thomas v. Schweyer, supra; Bloodhart v. Levernier, 64 F.2d 367, 20 C.C.P.A., Patents, 917; Syracuse Washing Machine Corporation et al. v. Vieau et al., 2 Cir., 72 F.2d 410; Wettlaufer et al. v.

Robins et al., 2 Cir., 92 F.2d 573; Preston et al. v. White, 92 F.2d 813, 25 C.C.P.A., Patents, —.

It is the contention of the Pennzoil Company, appellant, that its position here as a trade-mark registrant is analogous to that of an appellant who was a defeated patentee in a patent interference proceeding, and that if such defeated patentee who has appealed to this court is not required by said section 4911 to file a bill in equity, upon notice by the adverse party as aforesaid, it is equally true of a defeated registrant in an opposition proceeding.

Appellee in support of its motion to dismiss takes the position, inter alia, that since said section 9, supra, requires that "the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable," and that since section 4911 states that any dissatisfied applicant or party to an interference may file an appeal to this court, the mandatory provisions of section 4915 apply to opposition proceedings even though the appellant in this court be a registrant. In further support of its said position, appellee contends that the Pennzoil Company is a dissatisfied opposer, and under the decision in U. S. ex rel. Baldwin Co. v. Robertson et al., supra, had the right to file, and within thirty days after the filing of the notice aforesaid was required to file, a bill in equity as provided by statute.

The pertinence of the above-cited Supreme Court decision (the Baldwin Case) requires that we give its holding special consideration here. In that case, the trade-mark of the Baldwin Company had been ordered canceled in a Patent Office cancellation proceeding. The company filed a bill in the Supreme Court of the District of Columbia seeking to enjoin the Commissioner of Patents from cancelling its trademark. The Commissioner filed answer denying the right of the complainant to the relief sought and in addition moved to dismiss the bill for want of jurisdiction. The court denied the motion to dismiss the bill and enjoined the cancellation pending a final disposition of the cause. Appeal was then taken to the Court of Appeals of the District of Columbia, which reversed the decision of the Supreme Court of the District of Columbia and remanded the cause with instructions to dismiss the appeal. Appeal was then taken to the Supreme Court of the United States. The question there presented was whether or not the owner

of a registered trade-mark, the cancellation of which had been ordered in a Patent Office cancellation proceeding, could proceed in equity to prevent the cancellation. The court stated that the answer to that question was found in section 9 of the Trade-Mark Act, supra, and in section 4915 of the Revised Statutes. Both these sections were quoted, and then we find the following language used:

"We have held that the assimilation of the practice in respect of the registration of trade-marks to that in securing patents as enjoined by section 9 of the Trade-Mark Act makes section 4915, Rev.Stats., providing for a bill in equity to compel the Commissioner of Patents to issue a patent, applicable to a petition for the registration of a trade-mark when rejected by the Commissioner. American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953; Baldwin Co. v. Howard Co., 256 U.S. 35, 39, 41 S.Ct. 405, 65 L.Ed. 816; Atkins & Co. v. Moore, 212 U.S. 285, 291, 29 S.Ct. 390, 53 L.Ed. 515.

"The present case presents this difference. The defeated party in the hearing before the Commissioner is not asking registration of a trade-mark, but is seeking to prevent the cancellation of trade-marks already registered. Section 9 provides for appeals to the District Court of Appeals, not only for a defeated applicant for registration of a trade-mark, but also for a dissatisfied party to an interference as to a trade-mark, a dissatisfied party who has filed opposition to the registration of a trade-mark and a dissatisfied party to an application for the cancellation of the registration of a trade-mark. It seems clear that the complainant below was a dissatisfied party to an application for the cancellation of the registration of a trade-mark. We think that both the applicant for cancellation and the registrant opposing it are given the right of appeal to the District Court of Appeals under that section.

"The next inquiry is whether in addition to such appeal and after it proves futile, the applicant is given a remedy by bill in equity as provided for a defeated applicant for a patent in section 4915, Rev.Stats. We have in the cases cited given the closing words of section 9 a liberal construction in the view that Congress intended by them to give every remedy in respect to trade-marks that is afforded in proceedings as to patents, and have held that under them a bill of equity is afforded to a defeated applicant

for trade-mark registration just as to a defeated applicant for a patent. It is not an undue expansion of that construction to hold that the final words were intended to furnish a remedy in equity against the Commissioner in every case in which by section 9 an appeal first lies to the Court of Appeals. This necessarily would give to one defeated by the Commissioner as a party to an application for the cancellation of the registration of a trade-mark, after an unsuccessful appeal to the advisory supervision of the Court of Appeals, a right to resort to an independent bill in equity against the Commissioner to prevent cancellation. * * *

"The applicants in section 9 were of four kinds and to each of them were intended to be accorded the same resort to the Court of Appeals and the same remedy in equity as to the applicant for a patent in section 4915. The inherent differences between trade-marks and patents should not prevent our giving effect to the remedial purpose of Congress in carrying out the analogies between the two classes of privileges to secure a common procedure."

If it were a matter of first impression, it might, with some plausibility, be argued that the phrase "and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable," found in section 9, supra, referred only to the rules of practice and procedure in the Patent Office and the United States Court of Customs and Patent Appeals, and was not intended to be an authorization for filing a bill in equity in matters relating to trade-marks. However, the Supreme Court of the United States, as above indicated, has definitely held that by virtue of the language used in said section 9 and in section 4915 the right to file a bill in equity challenging the correctness of Patent Office action relating to trade-mark matters is definitely granted.

■■ In view of the fact that it is well settled by the decisions of this and other courts, as heretofore pointed out, that section 4915 does not entitle a defeated patentee in an interference proceeding to file a bill in equity, and since it is our view that a defeated trade-mark registrant in an opposition trade-mark proceeding stands in the same relationship as a defeated patentee-interferant as respects his right to file a bill in equity under section 4915, we are of the opinion that certain broad language used in the decision of the Supreme Court in the

Baldwin Case, supra, and strongly relied upon here by appellee, should not be regarded as controlling of decision in the instant matter. The statement therein, to the effect that section 9 of the Trade-Mark Act was intended to furnish "a remedy in equity against the Commissioner in every case in which by section 9 an appeal first lies to the Court of Appeals," was a broader holding than was necessary to the decision of the issue before the court. The appeal involved only the right of one to prevent the cancellation of his trade-mark, and the broad language insofar as it pertains to a registrant-opposer should be, in the instant matter, regarded as obiter dictum. General language used in a decision but not necessary to the decision of the case, and which is directed to matters not directly involved in the case, is never to be regarded as controlling when the question covered by the general language is presented directly for decision in a later case. Pacific Steamship Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.

As far as the Baldwin Case, supra, discloses, the court gave no consideration, other than that which the said broad language would indicate, to the analogy between a registrant-opposer and a patentee-interferant nor the reason which has brought about the definite holdings in the above-cited cases with respect to the latter. The decision does not disclose that the Supreme Court's attention was called to the fact that in section 4915, the decree authorized to be made in the court of equity proceedings relating to patents was limited by the following language: "May adjudge that such applicant is entitled, according to law, to receive a patent for his invention."

A holding that a defeated registrant-opposer in a trade-mark opposition proceeding stands in the same relationship, as affects the question here presented, as a defeated patentee-interferant, must necessarily rest largely upon the fact that in both instances, the appealing party has already received from the Patent Office all that he originally asked for—registration in one instance and a patent in the other. It may be pointed out, however, that if the appellant in the instant case were privileged to file a bill in equity he would not be required to ask that he be granted registration, but that he would be asking for and might receive a decree that registration be refused his adversary. This is not the kind of decree which section 4915 authorizes in patent matters.

It would seem reasonable to conclude that if, by virtue of the statutory provisions under consideration, a defeated registrant-opposer would be entitled to ask for a decree in equity enjoining the registration of his adversary's mark, a defeated patentee-interferant would also have the right to ask for a decree denying his adversary an award of priority. In both instances, he would be seeking protection for that which he had already been granted. Therefore, to hold that a defeated registrant-opposer is privileged to ask for a decree in equity denying his adversary registration would seem to strongly suggest that the holdings of this court and the other courts in respect to the defeated patentee-interferant not being privileged to ask that priority be denied his adversary are unsound. For reasons which we have heretofore stated, we are not willing to come to this conclusion.

In determining the applicability of the patent procedure of section 4915 to trade-mark matters, it should be kept in mind that the character of judgment of the equity court is therein definitely stated and that there is no analogy between *adjudging* that an applicant is entitled to receive a patent and adjudging that the adversary of a defeated registrant-opposer in a trade-mark opposition proceeding be not permitted registration, or in a decree relating solely to priority.

By our holding in this case, it is not intended to express any views with reference to the right to file a bill in equity under section 4915 by any defeated party in any other Patent Office action than that which is involved herein.

In view of the foregoing, the motion of the appellee to dismiss appellant's appeal here is denied. Appellee is given thirty days in which to file a brief in reply to that of appellant.

Denied.