## COVER v. SCHWARTZ.

District Court, S. D. New York.

Dec. 6, 1939.

John M. Cole, of New York City, (Joshua R. H. Potts, Eugene Vincent Clarke, and Basel H. Brune, all of Chicago, Ill., of counsel), for plaintiff.

Abraham H. Goodman, of New York City, for defendant.

MANDELBAUM, District Judge.

This is a motion for reargument. Heretofore the defendant moved for an order staying the plaintiff from proceeding to trial. The motion was granted and the plaintiff was stayed from proceeding to trial until the disposition of an interference proceeding, now pending before the United States Court of Customs and Patent Appeals.

The plaintiff claims that this court has been led into error in basing its former decision on the case of Jensen v. Lorenz, 68 App.D.C. 39, 92 F.2d 992. In reading that case, as well as all the additional authorities cited, I feel that there is some merit in such claim. There is apparently a distinction between an interference proceeding between two applicants for a patent and an interference proceeding between one who has already obtained a patent and an applicant. The latter is our situation.

This suit for patent infringement involves the patent which was in interference before the Examiner of Interfer-

ence. The defendant, in the present action, was successful in the interference proceeding and established priority of invention. The plaintiff appealed and the decision was affirmed. Thereafter, the plaintiff again appealed to the United States Court of Customs and Patent Appeals and such an appeal is now pending. Section 59A and Section 63, as amended, of Title 35 of the United States Code 35 U.S.C.A. §§ 59a, 63, has been judicially construed and it is now well settled that under these sections, a defeated patentee interferant, such as plaintiff in this action, cannot proceed under Section 63, as amended, either voluntarily or by compulsion of his adversary as sought to be exercised under Section 59a. McGregor v. Chesterfield, D.C., 31 F.2d 791; Wettlaufer v. Robins, 2 Cir., 92 F.2d 573; Preston et al. v. White, Cust. & Pat. App. 92 F.2d 813, and Pennzoil Co. v. Hercules Powder Co., Cust. & Pat.App., 95 F.2d 339. Such action, under section 63, as amended, is for the benefit and relief of inventors whose application for patent is refused. In other words, where a party already has a patent, he already has that which he could obtain in an equity suit. See Preston et al. v. White, supra.

 I therefore believe that this action on the part of the plaintiff for patent infringement is properly in this court as not coming within both Section 59a and Section 63, as amended, irrespective of the appeal now pending before the United States Court of Customs and Patent Appeals. The question therefore resolves itself whether, under such circumstances, a stay of the action pending the determination of the appeal is proper.

After carefully considering all the facts and circumstances, I am inclined to adhere to my original decision. It is true that the decision of the United States Court of Customs and Patent Appeals is not res adjudicata on the issue of priority in this infringement suit, yet under the doctrine of Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657, where the evidence before the patent office and the district court is practically the same, much weight should be given to the first trier of fact.

At bar, in the interference proceeding, the defendant was declared to be the original inventor in eight of the claims contained in the plaintiff's patent and the plaintiff was declared to be the inventor in only one of the claims. I am persuaded

that to permit this action to proceed to trial, the defendant would again be burdened with proving priority of invention which burden he has already sustained in the patent office and the appellate tribunal, and that it would be inequitable to require the defendant to do so again.

The court, however, will make one modification with respect to the stay. The court has, on a previous motion, consolidated two suits, involving the present patent which is in interference (No. 74,521) and six additional patents including a counterclaim. In view of the fact that by reason of the stay, decision on the six additional patents will be delayed, the court will permit the plaintiff to proceed to trial on the six additional patents and this stay will be limited only to the patent which is the subject of the appeal. However, the plaintiff must elect to proceed to trial on the six additional patents by notifying the defendant's attorney, in writing within 10 days after service of a copy of this order with notice of entry thereof. Failure to so notify the defendant's attorney will be deemed a waiver on the part of the plaintiff to so proceed to trial.

Settle order on two days' notice.