**RESEARCH CORPORATION, Plaintiff,**

**v.**

**RADIO CORPORATION OF AMERICA,**
**Defendant.**

**Civ. A. No. 2147.**

United States District Court
D. Delaware.

Feb. 25, 1960.

Arthur G. Connolly and Thomas Cooch, of Connolly, Cooch & Bove, Wilmington, Del., R. Morton Adams and Frank F. Scheck, of Pennie, Edmonds, Morton, Barrows and Taylor, New York City, and Melvin R. Jenney, of Kenway, Jenney, Witter & Hildreth, Boston, Mass., of counsel, for plaintiff.

Caleb S. Layton and Rodney M. Layton, of Richards, Layton & Finger, Wilmington, Del., and Stephen H. Philbin, of Fish, Richardson & Neave, New York City, of counsel, for defendant.

CALEB M. WRIGHT, Chief Judge.

This matter is before the court on defendant, Radio Corporation of America's motion to stay the present infringement action commenced by plaintiff, Research Corporation, pending the conclusion of interference proceedings in the Patent Office involving a contest over priority of invention between the same parties with respect to 12 of the 29 claims in plaintiff's patent. The patent in suit, Forrester No. 2,736,880, covering a "Multicoordinate Digital Information Storage Device", issued February 28, 1956 on an application filed May 11, 1951.

Paragraph VII of the complaint states:

"VII. Defendant has claimed that certain claims of said patent, namely, claims 1, 2, 3, 6, 7, 9, 11, 12, 16, 22, 25 and 26 are invalid on the alleged ground that the patentee, Forrester [plaintiff's assignor], was not the first inventor thereof but that one Rajchman, an employee of defendant and assignor to defendant, was the original inventor thereof."

Plaintiff thereafter prays, in part, for a judgment, "2. that Rajchman is not the prior inventor as to claims 1, 2, 3, 6, 7, 9, 11, 12, 16, 22, 25 and 26 thereof".

The Rajchman application serial No. 187,733 was filed in the Patent Office on September 30, 1950, about seven months prior to the May 11, 1951 filing date of the Forrester application. The Rajchman application has not culminated in the issuance of a patent.

On April 10, 1956, Rajchman amended his application, copying 12 claims of the Forrester patent, asserting that the 12 claims had been improperly granted to Forrester, because he, Rajchman, was the prior inventor. Thereafter, on September 25, 1956 the Patent Office declared an interference between the Rajchman application and the Forrester patent with respect to the 12 claims. The action in this court was initiated on November 9, 1959 and promptly thereafter on November 25 defendant filed the present motion to stay.

A motion to stay is addressed to the sound discretion of the court, and the denial or grant of a stay is predicated upon the inherent power of a court to control its docket.[1] An exhaustive search discloses only three reported de-

1. "A court has control over its own docket. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. In the exercise of a sound discretion it may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and issues are the same. Ibid." American Life Ins. Co. v. Stewart, 1937, 300 U.S. 203, 215, 57 S. Ct. 377, 380, 81 L.Ed. 605; Cover v. Schwartz, 2 Cir., 1940, 112 F.2d 566.

cisions presenting similar factual settings to the case at bar. In two, stay was denied [2] and in one, it was granted.[3]

The patent in question has been in litigation in the Patent Office since September 1956, three years prior to the institution of the present suit. The motion to stay was timely, consequently the pending action has not proceeded past the pleading stages. Plaintiff does not assert that priority is an inconsequential issue. To the contrary, from the record now before the court it appears that the priority contention will, in fact, be a prominent issue in the infringement suit. As indicated, Paragraph VII of the complaint is specifically directed to defendant's claims asserted in the interference proceeding. Plaintiff's second prayer seeks a favorable determination with respect to the 12 contested claims.

The issue of priority is indeed unique for defendant's contention is based on a prior recorded application to that forming the basis of plaintiff's patent. Thus, perhaps there is merit to defendant's suggestion that by an oversight or error in the Patent Office no interference was initially declared. This matter need not, however, be resolved; for, as previously expressed and as subsequently noted, there exist persuasive reasons indicating a stay to be in order.

■■ Of no little consequence is the different burdens of the respective parties depending upon the tribunal in which this issue be litigated. In view of defendant's prior application, plaintiff bears the initial risk of nonpersuasion in the Patent Office. In the present infringement suit, however, by virtue of the presumption of validity attending the issuance of a patent, defendant, in effect, must shoulder the burden.

Predominating in this determination are policy considerations. There is no sound reason why litigation between the same parties and embracing common issues be prosecuted simultaneously. Not only is an economic hardship imposed upon the parties, but litigation in two tribunals at the same time is a luxury not compatible with the efficient administration of justice. Different circumstances might warrant the invocation of policy considerations other than those indicated, compelling a different determination. No such case has been presented here.

■ The fact that the Patent Office is an administrative body is no barrier to a stay. The language of Chief Judge Leahy in Illinois Iowa Power Co. v. North American Light & Power Co.[4] is peculiarly appropriate:

"Where there is available in proceedings before an administrative agency a remedy, including a final resort to a court at an appropriate stage to review the administrative conclusion, stay should be granted. Propriety of a stay brings up no novel question. A stay is appropriate where there is another proceeding pending between the same parties and with the same issues, for the obvious reasons of resultant economies and comity, * * *; in fact, a stay has often been granted although the parties are not the same, * * *; and even where there are common issues, but each suit has issues not present in the other, stay may be granted, Landis v. North American Company, supra.

* * * * * *

"By institution of its action in this court, Illinois-Iowa has prevented the running of any statute of limitations or the application of the doctrine of laches. By granting the stay sought by the Commission, there is no determination that this court is without final jurisdiction to adjudicate Illinois-Iowa's claim. There is no holding at this time, that jurisdiction of the Commission

2. Kuhlke Mach. Co. v. Miller Rubber Co., D.C.N.D.Ohio E.D.1925, 8 F.2d 614; National Transformer Corp. v. France Mfg. Co., 88 USPQ 210 (D.C.N.D.Ohio E.D.1950).

3. Cover v. Schwartz, D.C.S.D.N.Y.1939, 30 F.Supp. 261, appeal dismissed 2 Cir., 1940, 112 F.2d 566.

4. D.C.Del.1943, 49 F.Supp. 277, 280–281.

and this court is concurrent to adjudicate the claim. The precise holding is that the jurisdiction of this court and the Commission is coordinate until it appears that the Commission has completed its statutory duties of investigating the various claims and has approved a fair and equitable plan for the distribution of defendant's assets to and among the various claimants. I conclude that this cause should be continued pending the proceedings before the Commission. Stay will be allowed."

Similarly, no merit is found in plaintiff's assertion that the Federal Rules of Civil Procedure are more accommodating to the trial of the cause than are the rules obtaining in the Patent Office. The unsuccessful litigant in a Patent Office action is afforded sufficient appellate safeguards to discount any purported claim that the procedures in the Patent Office are not conducive to a searching and complete probe.

Plaintiff's contention, that "the decision of the Patent Office even on this issue [priority] would not be *res judicata* in this court", completely ignores the fact that an adverse decision to plaintiff in the Patent Office would result in cancellation of its patent, with respect to the contested claims, if neither an appeal be prosecuted nor appropriate review be sought.[5] Under these circumstances, the determination of the Patent Office in the interference proceeding may very well be crucial.

Moreover, decisions of the Patent Office, pertaining to priority of invention, are not without significance in subsequent litigation of the issue.[6] The mere fact that an administrative determination is not accorded absolute effect does not require that administrative action be bypassed.

Defendant's application to stay the proceedings pending determination of the interference contest in the Patent Office is granted.

Submit order.

---

5. 35 U.S.C. § 135 provides in part as follows:
"Interferences * * * A final judgment adverse to a patentee from which no appeal or other review has been or can be taken or had shall constitute cancellation of the claims involved from the patent, and notice thereof shall be endorsed on copies of the patent thereafter distributed by the Patent Office."

6. "Upon principle and authority, therefore, it must be laid down as a rule that, where the question decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction. * * *" Morgan v. Daniels, 1894, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657.