CHILDERS FOODS, INC., Plaintiff,

v.

ROCKINGHAM POULTRY MARKETING CO-OP, INC., and Rock Island Food Products Co., Defendants.

Civ. A. No. 530.

United States District Court
W. D. Virginia,
at Lynchburg.

April 21, 1962.

duVal Radford, Radford & Thomasson, Bedford, Va., and Charles R. Fenwick, Mason, Fenwick & Lawrence, Washington, D. C., for plaintiff.

George S. Aldhizer, II, Wharton, Aldhizer & Weaver, Harrisonburg, Va., B. Purnell Eggleston, Eggleston, Holton & Glenn, Roanoke, Va., and Gordon D. Schmidt, Hovey, Schmidt, Johnson & Hovey, Kansas City, Mo., for defendants.

BARKSDALE, District Judge.

This action, instituted on June 21, 1961, charges infringement of U. S. Letters Patent No. 2,932,058, dated April 12, 1960, issued upon the application of Earl L. Childers filed on November 5, 1957, and now owned by plaintiff, and entitled "Apparatus for Separating Meat from Bone". Unfair competition is charged also. On January 18, 1957, one Adoniram J. Churchill filed an application for U. S. Letters Patent, Serial No. 634,967, and entitled "Apparatus for Tenderizing and Separating Meat from Bone". The Churchill application is owned by Gordon Johnson Company of Kansas City, who produced the machine accused of infringement in this action, and sold it to defendant, Rockingham Poultry Marketing Co-op, Inc., which is now using it. One June 12, 1961, the Patent Office, at the instance of Churchill, declared Interference Proceedings No. 91,666 between Churchill and Childers, involving the application of Churchill filed January 18, 1957, upon which no patent was issued, and the said Patent No. 2,932,058 issued to Childers on his application filed November 5, 1957.

After attorneys for both Churchill and Childers had filed their preliminary statements in the Interference Proceedings, which were approved by the Examiner, Childers filed a motion on October 25, 1961, to stay the Interference Proceedings pending a determination of this action. This motion was denied by the Interference Examiner on November 14, 1961, and on January 12, 1962, the Commissioner of Patents denied it also. Since the refusal of the Commissioner of Patents to stay the Interference Proceedings, times have been set by the Interference Examiner for the taking and filing of testimony, and the filing of briefs in the Interference Proceedings, the last brief to be filed on October 25, 1962.

In this action, a pretrial conference was held on October 10, 1961, pending motions were passed upon, and it was noted in the pretrial order that Gordon Johnson Company of Kansas City, Mo., by reason of an indemnification agreement, had assumed the complete defense of this action against Rockingham Poultry Marketing Co-op, Inc. Thereafter, plaintiff has taken and filed depositions of Churchill and others. It is my under-

standing that these depositions may be used in the Interference Proceeding, if it be so desired. On March 26, 1962, defendants filed herein their motion that this action be stayed until the final determination of the said Interference Proceeding. As previously mentioned, plaintiff's efforts to procure a stay of the Interference Proceeding until the determination of this action, have proved unavailing. As the principal reason for denying the stay, the Interference Examiner stated that Section 35 U.S.C.A. § 135, imposed upon the Board of Patent Interferences "the duty of determining priority of invention where an application for patent is involved." In his refusal to grant a stay, the Commissioner of Patents also noted that the issue in the Interference Proceeding and in this action was not necessarily the same, and that neither Churchill nor his assignee were parties to this action.

So it now definitely appears that whatever may transpire in this action, the Interference Proceeding will be prosecuted to its conclusion in the Patent Office. It is true that the issues and parties in this action and in the Interference Proceeding are not identical. As I understand it, the sole question in the Interference Proceeding is priority of invention, that is, who was the first inventor of the apparatus for separating meat from bone now being used by both plaintiff and defendant Rockingham, Churchill or Childers? Unless Childers was the first inventor of this apparatus, he cannot prevail in this action. If in the Interference Proceeding, Childers should be held to be the first inventor, his contentions in this action are greatly strengthened; if Churchill should be held to be the first inventor, Childers' contentions would be correspondingly weakened. As was said by Judge Soper in Tidewater Patent Development Company v. Gillette Co., 4 Cir., 273 F.2d 936, 938:

"* * * When the losing party in an interference proceeding in the Patent Office, instead of taking an appeal to the Court of Customs and Patent Appeals under 35 U.S.C. §

141, chooses to bring a civil action in a District Court of the United States under 35 U.S.C. § 146, it is the duty of the court, under Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657, to accept as controlling the decision of the Patent Office on the question of priority, 'unless the contrary is established by testimony which in character and amount carries thorough conviction.' * * *"

In Research Corp. v. Radio Corporation of America, D.C., 181 F.Supp. 709, 710, the court said:

"A motion to stay is addressed to the sound discretion of the court, and the denial or grant of a stay is predicated upon the inherent power of a court to control its docket."

Under somewhat similar, but by no means the same, circumstances as those in the instant case, courts granted stays of infringement actions in Research Corporation v. Radio Corporation, supra and Cover v. Schwartz, D.C., 30 F.Supp. 261, appeal dismissed 2 Cir., 112 F.2d 566, 567, and stays were denied in Kuhlke Machine Co. v. Miller Rubber Co., D.C., 8 F.2d 614, and National Transformer Corp. v. France Mfg. Co., 88 USPQ 210 (D.C.N.D.Ohio E.D.1950)

The facts and circumstances of these cases were not sufficiently similar to the situation confronting me for the decisions to be very helpful. Anyhow, the proper action to be taken on this motion seems to me to depend upon good judgment or sound discretion, rather than a rule of law. Certainly, it seems wasteful and extravagant for litigants to be required to proceed simultaneously in two different forums, where the issues, while not identical, are so similar. This court has no control over the Interference Proceeding, and it is apparent that this proceeding will· be prosecuted to its conclusion. It is conceded by counsel that, if this action proceed to its conclusion, before a final decision in the Interference Proceeding, the finding of this court on the question of who was the first in-

ventor, will have little, if any, influence upon the conclusion to be reached in the Interference Proceeding.

The determination of priority of invention, would seem to be a matter peculiarly within the expertise of the Patent Office. The conclusion reached on this question in the Interference Proceeding, while not binding on this court, would certainly be most helpful.

Plaintiff's counsel strenuously contend that, to permit the continued infringement of its patent by Rockingham, works a great hardship upon the plaintiff. If plaintiff's contentions are sound, this is true. On the other hand, if plaintiff's contentions are not sound; if, in fact, Churchill, who filed the first application, was actually the first inventor, then the hardship would be upon Rockingham for plaintiff to be permitted to continue to use an apparatus based on an invalid patent.

It is therefore my conclusion that this action should be stayed until the Interference Proceeding has been prosecuted to final judgment. An order will be entered accordingly.