**TUVACHE, INC., Plaintiff,**

v.

**EMILIO PUCCI PERFUMES INTERNA- TIONAL, INC., and L. E. R. Distrib- uting Corp., Defendants.**

**No. 65 Civ. 3730.**

United States District Court
S. D. New York.

Jan. 19, 1967.

Stern & Reubens, New York City, Harry Buchman, New York City, of counsel, for plaintiff.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, Brumbaugh, Free, Graves & Donohue, New York City, of counsel, for defendant Emilio Pucci Perfumes International, Inc.

## OPINION

MANSFIELD, District Judge.

Plaintiff has moved this Court for an order staying this action pending a final determination by the Trademark Trial and Appeal Board of the United States Patent Office (hereinafter "Trademark Board") as to the registrability of the marks "Vivara" and "Emilio Pucci Vivara" which defendant Emilio Pucci Perfumes International, Inc. (hereinafter "Pucci") has widely used on its perfume, cologne and other similar products distributed by L. E. R. Distributing Corp. The gravamen of the complaint, which was filed on December 8, 1965, is that the mark "Vivara" infringes plaintiff's registered mark "Tuvara", which is used by plaintiff on cosmetics and toiletry products used for purposes similar to those on which defendant Pucci allegedly uses the contested marks. Defendant's answer, filed on December 20, 1965, may have brought up the additional question of whether defendant Pucci's use of the mark "Emilio Pucci Vivara" also infringes plaintiff's rights.

On May 3, 1966, the mark "Vivara" was published for opposition in the Official Gazette of the United States Department of Commerce, and on May 17, 1966, plaintiff filed opposition to the application. The mark "Emilio Pucci Vivara" has recently been passed for publication by the Trademark Examiner, and the plaintiff will file opposition thereto at the appropriate time. Pucci, having filed one motion to suspend the Patent Office proceedings, which was found to be premature, advises that as soon as issues have been joined in the opposition proceedings, it proposes to renew its motion to suspend, as it has a right to do.

At this stage the issue is whether it is preferable for the infringement questions to be decided prior to the Trademark Board's determination of the registrability of the marks or whether the converse order of decision would be more desirable. Interestingly, the Patent Office and the courts appear to have adopted an "Alphonse-Gaston" attitude on the question, the Patent Office preferring that the courts make a determination of infringement prior to the Board's ruling on the question of registrability, and the courts preferring the converse order of decision, at least with respect to patentability. Compare Squirrel Brand Co. v. Barnard Nut Co., 101 U.S. P.Q. 340 (Comm.Pat.1954) and Townley Clothes, Inc. v. Goldring, Inc., 100 U.S. P.Q. 57 (Comm.Pat.1953) with Childers Foods, Inc. v. Rockingham Poultry Co-op, Inc., 203 F.Supp. 794 (W.D.Va.1962) and Research Corp. v. Radio Corp. of America, 181 F.Supp. 709 (D.Del.1960).

If this case presented intricate technical questions or highly specialized subject matter, the Court might have reason to defer trial until the Patent Office acts, since the court in such a case would have the benefit of that agency's specialized knowledge, based on its more extensive experience in the area of inquiry. Such would be the case, for instance, if the patentability of a new technological ad-

vance in electronics or drugs were at issue.

The issue presented in the present case, however, does not appear to involve such technical questions or subject matter, or require application of such type of expertise. One basic question common to both proceedings is: Is the defendant's use of the names "Vivara" or "Emilio Pucci Vivara" in the sale of its cosmetics intended or likely to cause the public to confuse the respective parties' products, and their origin? This will require comparison of the marks and products, proof of the markets in which they are sold, and evidence of any incidents of confusion on the part of purchasers. None of these questions appear to require any major application of highly specialized principles or expertise.

■ We are further faced with the fact that a Patent Office determination of the right to register would not be *res adjudicata* or binding on this Court in the suit challenging the right to use the names "Vivara" or "Emilio Pucci Vivara". Synchromatic Corp. v. Eureka Williams Corp., 174 F.2d 649 (7th Cir.), cert. denied, 338 U.S. 829, 70 S.Ct. 79, 94 L.Ed. 504 (1949); John Morrell & Co. v. Doyle, 97 F.2d 232 (7th Cir.), cert. denied, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 415 (1938). Registration under the federal trademark statutes, or refusal of the Patent Office to register, would not create any new rights or confer any greater rights than those already possessed at common law without registration. Both parties would be free thereafter to assert whatever rights they might have at law or in equity with repect to the use of the challenged trademarks. Registration would serve merely to give jurisdiction to the federal courts regardless of diversity or jurisdictional amount and accord certain procedural advantages to the registrant, such as a presumption of adoption and use sufficient to make out a prima facie case and notice to the public of the registrant's claim.

Regardless which party were to prevail in the pending Patent Office proceedings, therefore, we may expect further litigation in the federal courts, either by prosecution of the present case or by appeal from the Trademark Trial and Appeal Board to a federal district court as authorized by 15 U.S.C.A. § 1071(b). In either event the court would be required to review the same evidence, and make its own determination of the issues. See Century Distilling Co. v. Continental Distilling Co., 106 F.2d 486 (3d Cir. 1939), cert. denied, 309 U.S. 662, 60 S.Ct. 581, 84 L.Ed. 1010 (1940). Apparently with this prospect in mind, plaintiff here seeks merely to suspend the action instituted by it, pending Patent Office determination of the issues, rather than to discontinue the action entirely under Rule 41, F.R.Civ.P.

If this Court, on the other hand, proceeds first, its determination of the common issues will be followed by the Patent Office in deciding whether the trademarks may be registered. Squirrel Brand Company v. Barnard Nut Co., 101 U.S.P.Q. 340 (1954); Townley Clothes v. Goldring, Inc., 100 U.S.P.Q. 57 (1953); see The Seven-Up Co. v. Bubble Up Corp., 312 F.2d 472, 50 CCPA 1012 (1963).

"Rights in trade marks grow out of their use. Use is a prerequisite to ownership, and use in commerce by the owner is a prerequisite to registration. Although the ultimate finding of the tribunals of the Patent Office in proceedings such as these is the right of an applicant to register, nevertheless there must be a finding of the right to use in commerce before that ultimate finding can be made. The Court, in the civil action, will necessarily determine this preliminary question of the right to use, and that determination will form the basis of the ultimate finding of the Office.

"Simply stated, if the Court concludes that this defendant (applicant) has the right to use its mark in commerce, it has a right to register; if the Court concludes that the defendant (applicant) has no right to use its mark, it has no right to register; * * *." Squirrel Brand Company

v. Barnard Nut Co., supra, 101 U.S. P.Q. at 340.

■ Under all the circumstances, and particularly in the interest of avoiding unnecessary duplication of effort, the Court, in the exercise of its discretion, believes that the motion should be denied.

So ordered.