**GENERAL FOODS CORPORATION, Plaintiff,**

v.

**STRUTHERS SCIENTIFIC AND INTERNATIONAL CORPORATION and Struthers Wells Corporation, Defendants.**

Civ. A. Nos. 3566, 3665 and 3725.

United States District Court, D. Delaware.

Feb. 26, 1970.

See also D.C., 301 F.Supp. 354, D. C., 297 F.Supp. 271.

Arthur G. Connolly, Arthur G. Connolly, Jr., and Paul E. Crawford of Connolly, Bove & Lodge, Wilmington, Del., for plaintiff.

E. N. Carpenter, II, of Richards, Layton & Finger, Wilmington, Del., James F. Weiler of Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., and William A. Drucker, New York City, of counsel, for Struthers Scientific and International Corp.

## MEMORANDUM OPINION

LATCHUM, District Judge.

The above cases pending in this Court between General Foods Corporation ("General Foods") and Struthers Scientific and International Corporation ("Struthers") raise the issues of validity and infringement of Struthers' United States Patents Nos. 3,381,302, 3,404,007 and 3,449,129 and unfair competitive activities by both parties.

General Foods has moved to stay the above actions in so far as they relate to the '007 patent pending the conclusion of interference proceedings[1] in the Patent Office in which General Foods and Struthers are parties. The '007 patent, which relates to a broad combination of freeze concentration and freeze drying of coffee extract, was issued by the Patent Office to Struthers on October 1, 1968. On that date Struthers filed Civil Action No. 66–H–826 against General Foods in the United States District Court for the Southern District of Texas for infringement of claims of the '007 patent. On December 6, 1968 that case with a companion case was transferred to this Court pursuant to 28 U.S.C. § 1404(a) and is now Civil Action 3665.

Prior thereto, on June 18, 1968, General Foods filed a declaratory judgment action in this Court against Struthers alleging the invalidity of Struthers' patent '302, dealing with a method for dewaxing coffee preparatory to freeze concentration of coffee extract. After the '007 patent issued, General Foods on October 22, 1968 moved to amend its complaint in Civil Action No. 3566 to add another count alleging the invalidity and noninfringement of the '007 patent. The amendment was allowed by order of

1. Interferences Nos. 37,038 and 37,039.

this Court on March 4, 1969. Thus, the '007 patent was in litigation in two separate suits in this district at that time. In addition to the validity and infringement issues pleaded with respect to the '007 patent, General Foods also charges that information incorporated in the '007 patent had been misappropriated from General Foods by Struthers.

Extensive discovery has been taken in these cases by oral depositions, interrogatories and production with respect to all the patents-in-suit, including the '007 patent.[2] The pending interferences were declared by the Patent Office in notices dated October 29, 1969. Interference No. 37,039 involved Struthers '007 patent and General Foods pending patent application No. 830,195 filed May 20, 1969 claimed to be a continuation-in-part of an earlier General Foods application filed May 5, 1965 as Application No. 453,459.

In urging this Court to stay the proceeding relating to the '007 patent, General Foods places principal reliance upon the well-reasoned opinion of Chief Judge Wright in Research Corporation v. Radio Corporation of America, 181 F.Supp. 709 (D.C.Del.1960). Judge Wright was undoubtedly correct in granting the stay in the RCA case upon the facts and circumstances there present. In RCA, the interference was first declared on September 25, 1956. More than three years later, on November 25, 1959, the infringement action was filed and promptly thereafter the defendant moved for a stay. Judge Wright found that the interference had long been pending, that it presumably had progressed substantially toward a conclusion, that a decision in the interference proceedings might "very well be crucial" with regard to the issues in the district court suit, and that the stay motion had been promptly filed. In those circumstances, Judge Wright was entirely justified in granting the stay. In relying upon these findings, however, Judge Wright made clear that:

"Different circumstances might warrant the invocation of policy considerations other than those indicated, compelling a different determination. No such case has been presented here." 181 F.Supp. 709, 711.

Here those different circumstances are present and persuade the Court to deny the stay.

First, unlike the RCA case, the interferences here were declared long after Struthers instituted the Texas action on the '007 patent and long after General Foods was permitted to amend its complaint in the Delaware action to incorporate the claims relating to patent '007, and after extensive and expensive discovery proceedings have been conducted. Rather than reduce economic hardship, the stay would tend to intensify such hardship.

Second, the motion for a stay here relates only to a portion of the pending litigation rather than to the full range of the dispute between the parties as in RCA. The factual background relating to the other two patents and the several claims of unfair competition are so intertwined that a stay of only a part of the litigation would not materially reduce the discovery and expenses of the other phases of the litigation not affected by the stay.

Third, the interference proceedings will not dispose of all the issues in the pending litigation so that two tribunals would be involved at the same time with related matters in any event.

For these reasons, the Court finds that the facts and circumstances of this litigation are so different from the RCA case that General Foods' motion for a stay should be denied.

An order in accordance with this opinion has been entered.

2. It is represented that over 13,000 pages of oral depositions have been taken, some 20,000 documents produced, and several sets of extensive interrogatories answered by both sides.