**HAZELTINE RESEARCH, INC.,**
Appellant Cross-Appellee,

v.

**FIRESTONE TIRE AND RUBBER COMPANY, Appellee Cross-Appellant.**

**HAZELTINE RESEARCH, INC.,**
Appellee Cross-Appellant,

v.

**FIRESTONE TIRE AND RUBBER COMPANY, Appellant Cross-Appellee.**

Nos. 71–2140, 71–2141.

United States Court of Appeals,
Fourth Circuit.

Argued April 13, 1972.

Decided Nov. 15, 1972.

Laurence B. Dodds, Great Neck, N. Y. (Woods, Rogers, Muse, Walker & Thornton, and Leonard G. Muse, Roanoke, Va., on brief), for Hazeltine Research, Inc.

Thomas M. Ferrill, Jr., Blue Bell, Pa. (Allen V. Hazeltine, Blue Bell, Pa., Herbert Epstein, Philadelphia, Pa., E. Griffith Dodson, Jr., and Dodson, Pence, Coulter, Viar, & Young, Roanoke, Va., on brief), for Firestone Tire and Rubber Co.

Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

BOREMAN, Senior Circuit Judge:

This is an appeal by Hazeltine Research, Inc., from a decision by the district court holding one of Hazeltine's patents (Richman Patent No. 2,933,558, hereafter "Richman 558") valid, but not infringed by a somewhat similar electronic circuit used in Philco television receivers, which receivers are sold by

the Firestone Tire and Rubber Company.

The invention, including Claim 1 of Richman 558, the claim in issue here, has been fully discussed and accurately described by the Court of Customs and Patent Appeals. In re Richman, 424 F.2d 1388 (Cust. & Pat.App. 1970). Additionally, the district court, in an excellent opinion by Chief Judge Widener, has thoroughly examined and explained the asserted similarities and claimed distinctions between Richman 558 and the accused circuit as used in the Philco receivers. Hazeltine Research, Inc. v. Firestone Tire & Rubber Co., 332 F.Supp. 408 (W.D.Va.1971). Neither party before us challenges the facts as found by either Judge Widener or the Court of Customs and Patent Appeals. We accept the facts as found in those opinions; it would serve no useful purpose to repeat them here.

The lower court found certain differences between Richman 558 and the accused circuit, which differences caused him to conclude that "clause B of Claim 1 of Richman 558 does not read on the accused circuit and . . . the accused circuit does not operate within clause B of Claim 1 of Richman 558." 332 F.Supp. at 420–421. Hazeltine does not argue that these differences do not exist, but rather the differences are, as a matter of law, insufficient to support the conclusion of noninfringement since they are not found as express limitations of Claim 1 of Richman 558. We cannot agree.

Clause B of Claim 1 of Richman 558 [1] states:

"[B] second means coupled to said first means for developing a potential representative of and which varies dy-

namically with the amplitude of said synchronizing pulses."

Clause B thus purports to include the "means" by which a certain varying voltage within the circuit is developed, which voltage is said to be "representative" of the amplitude of certain "synchronizing pulses." [2] The disclosed circuit in Richman 558 has an identifiably separate "second means" which develops this varying voltage which is dependent solely upon and proportional to the amplitude of the synchronizing pulses. [3] There is no dispute that the accused circuit develops a somewhat similar voltage (and uses it for the same purposes) as the Richman 558. The district court found, however, that the accused circuit has no separate "second means" and, further, that in the accused circuit the voltage was dependent not only upon the strength of the synchronizing pulses but also upon the "picture content" of the received television signal, and indicated, in effect, that as a consequence the developed voltage in the accused circuit was not "proportional to" the amplitude of the synchronizing pulses. The lower court stated:

"[T]he court is of opinion that the dynamically varying bias of the accused circuit comes from a different source than such bias of Richman 558, is of a different magnitude than the dynamically varying bias of Richman 558, and varies dynamically both with the picture signal and with the synchronizing pulses, rather than with amplitude of the synchronizing pulses as in Richman 558." 332 F.Supp. at 420.

Hazeltine argues that it is the claims of a patent and not the specification and drawings which define the metes and

---

1. Claim 1 of Richman 558 is fully set out and analyzed by the district court at 332 F.Supp. 419–421.

2. These pulses are part of the total television signal received from the transmitting station.

3. 35 U.S.C. § 112 provides, in part:
   An element in a claim for a combination

may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

bounds of an invention, Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 607, 70 S.Ct. 584, 94 L.Ed. 1097 (1950); Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 419, 28 S.Ct. 748, 52 L.Ed. 1122 (1908); that Clause B of Claim 1 is not limited to any particular source for the development of the varying voltage; that "representative of" is not limited to "proportional to," and that Clause B does not require that the voltage vary solely with the amplitude of the synchronizing pulses; that these factual differences as found by the district court are therefore wholly irrelevant to the issue of infringement.

But the patentee cannot by framing his claims in terms of "means" preempt every conceivable circuit designed for a similar purpose. Bullard Company v. General Electric Company, 348 F.2d 985, 989 (4 Cir. 1965). The claim must be read in light of the specifications, which may explain and clarify it. City of Grafton v. Otis Elevator Co., 166 F.2d 816, 819 (4 Cir. 1948). As stated by the district court, "The plain language of Richman 558 . . . makes it quite clear that the amplitude of the dynamically varying bias in Richman 558, and, in fact, a distinguishing characteristic of that circuit is that 'specifically the developed potential is proportional to the amplitude of those components [the synchronizing pulses]. . . .'" 332 F.Supp. at 420. Additionally, in interpreting a claim, resort may be had to the prior state of the art. Morpul, Inc. v. Glen Raven Knitting Mill, Inc., 357 F.2d 732, 734 (4 Cir. 1966). Viewing the prior art as discussed by both the district court and the Court of Customs and Patent Appeals, we are persuaded that to read Clause B of Claim 1 of Richman 558 so broadly as to include the accused circuit would cast grave doubt upon the validity of Claim 1.

There is one other consideration which this court deems important in determining whether the district court was correct in finding no infringement in this case. In Eibel Co. v. Paper Co., 261 U.S. 45, 63, 43 S.Ct. 322, 328, 67 L.Ed. 523 (1923), the Supreme Court stated:

"In administering the patent law the court first looks into the art to find what the real merit of the alleged discovery or invention is, and whether it has advanced the art substantially. If it has done so, then the court is liberal in its construction of the patent to secure to the inventor the reward he deserves. If what he has done works only a slight step forward and that which he says is a discovery is on the border line between mere mechanical change and real invention, then his patent, if sustained, will be given a narrow scope and infringement will be found only in approximate copies of the new device. It is this differing attitude of the courts toward genuine discoveries and slight improvements that reconciles the sometimes apparently conflicting instances of construing specifications and the finding of equivalents in alleged infringements."

Upon the entire record herein, we think that the most that can be said for Richman 558 is that it made only a small contribution to the existing art. Accordingly we give it only a "narrow scope," conclude that the accused circuit in the Philco television sets was not an "approximate copy" thereof, and affirm the district court's finding of noninfringement.[4]

On its cross-appeal (No. 71–2141), Firestone contends that *if* the Richman

---

4. *See also* Long Manufacturing Company v. Holliday, 246 F.2d 95, 100 (4 Cir. 1957):

The limited contribution of the Holliday machines does not warrant the broad construction urged upon us. To adopt it would extend the language of the claim far beyond the apparent intention of the inventor and raise grave doubt of the validity of this claim of the patent in the light of the prior art.

558 patent could be construed so as to read on the accused circuit it would be invalid for the following reasons:

(1) The claim would be applicable to apparatus essentially the same as the accused circuitry which was in public use or on sale more than one year prior to the first presentation of that claim to the Patent Office, under 35 U.S.C. § 102 (b);

(2) The claim would be invalid for indefiniteness, under 35 U.S.C. § 112;

(3) The claim would be fully anticipated, under 35 U.S.C. § 102(b), and obvious, under 35 U.S.C. § 103.

Since we do not construe Richman 558 so as to read on the accused circuit we perceive no reason to consider Firestone's assertions of invalidity.

Affirmed.