AMERICAN TELEPHONE & TELEGRAPH COMPANY et al., Plaintiffs,

v.

MILGO ELECTRONIC CORPORATION and International Communications Corporation, Defendants.

No. 76 Civ. 996.

United States District Court, S. D. New York.

June 24, 1976.

Fish & Neave, New York City, for plaintiffs; Albert E. Fey, New York City, of counsel.

Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendants.

WHITMAN KNAPP, District Judge.

This is an action for a declaratory judgment of patent invalidity and noninfringement and for a determination of priority of invention. Here involved is the defendant Milgo Electronic Corporation's ("Milgo") motion to dismiss, or alternatively, to stay plaintiffs' second cause of action, which purports to state a claim of interference under 35 U.S.C. § 291.[1] The allegedly interfering patents in the § 291 cause of action are Howson patent 3,679,977 owned by plaintiff Bell Telephone Laboratories, Inc. ("Bell Labs") and Whang patent 3,760,277 owned by defendant Milgo. These patents cover complex electronic data transmission devices.

Before addressing the merits of the motion in its present posture, a brief description of the chronology of events leading up to this lawsuit is necessary to place the motion in the proper perspective.

On July 22, 1976, Bell Labs tendered its Howson patent and filed application No. 490,360 with the Patent Office seeking reissue of the patent, pursuant to the Rules of Practice of the U. S. Patent & Trade-Mark Office, R. 171 and 178. In the reissue application, Bell Labs "copied" claims 1, 2 and 3 of the Whang patent, thereby seeking to provoke an interference in the Patent Office for the purpose of obtaining a determination on the issue of priority as between the two patents. On February 18, 1975, the Patent Office declared an interference, which is presently proceeding before such office. Both parties estimate that this interference proceeding should be completed in less than a year.

On January 23, 1976, Milgo commenced the Kansas infringement action, against AT&T, Western Electric Inc. and two additional defendants, alleging infringement of four Milgo patents, including the Whang patent. Approximately one month later, plaintiffs commenced the present action in this court. Three days later, AT&T and Western Electric moved in the Kansas action to transfer that case to this district. That motion is still pending.[2]

Milgo argues in support of its motion to dismiss the § 291 claim that this court lacks subject matter jurisdiction since, by virtue of Bell Labs' having surrendered its Howson patent to the Patent Office in favor of a reissue application, the court does not have before it two existing patents as to which an issue of priority may arise. In support of its alternative motion to stay, Milgo urges that the court should, in the exercise of its discretion and in the interest of efficient judicial administration, prevent the unnecessary duplication of effort that simultaneous prosecution of two interference proceedings—one in the Patent Office and one in federal court—would occasion.

---

1. Milgo's motion, as originally filed, actually consists of two parts. In addition to the relief requested above, Milgo also sought dismissal or transfer of plaintiffs' first cause of action for declaratory relief, on the ground that an earlier filed action in the U. S. District Court of Kansas involving the same issues and many of the same parties has priority. Because a similar motion to dismiss or transfer has been pending before the Kansas judge for some time, and in order to avoid duplication of judicial effort, we deferred to the Kansas court and stayed the portion of the motion addressed to the transfer issue pending a decision by the Kansas judge on the motion already before him.

2. See footnote 1.

As to the first contention, the law is clear that the surrender of a patent and the filing of a reissue application has no impact on the existence of that patent and places no disability on the owner to bring an action under 35 U.S.C. § 291. *U. S. v. Marifarms, Inc.* (D.Del.1972) 345 F.Supp. 858, 861. The reissue statute as well as the Patent Office Rules require surrender of the original patent before a reissue patent may be granted. 35 U.S.C. § 251; Rule 171, 37 C.F.R. § 1.171. However, 35 U.S.C. § 252 specifically states that the surrender of the original patent does not take effect until the issuance of the reissue patent.[3] The physical delivery of the Howson patent to the Patent Office was in compliance with the statute and the Rules of Practice. It will not be deemed a surrender in the true sense unless and until the reissue application matures into a reissue patent. Finally, it has been specifically held that the act of tendering a patent in the course of a reissue application does not preclude plaintiff from maintaining a § 291 action on the basis of the original patent. *Hazeltine Research, Inc. v. Firestone Tire & Rubber Co.* (W.D. Va.1971) 332 F.Supp. 408, 411, *aff'd* 468 F.2d 1277 (4th Cir. 1972).

Milgo's alternative contention—that we should, in the exercise of our discretion, stay the § 291 claim—is much more persuasive. It is undisputed that the primary issue before the court in this § 291 action—that of priority of invention—is also before the Patent Office in the interference proceeding. Plaintiffs had a choice of two forums in which to adjudicate this issue, and they—over two years ago—elected the Patent Office. Whereas the proceeding before that agency has progressed to the testimony stage, this judicial § 291 action has just been commenced. The parties are in agreement that the Patent Office interference will be completed within a year, whereas the instant action cannot reasonably be expected to be resolved in such a short time. More importantly, however, the simultaneous maintenance of two proceedings is an unnecessary duplication of judicial and agency effort, not to mention expensive and time-consuming for the litigants. In a good faith effort to avoid such duplication, Milgo at oral argument proffered a stipulation whereby the parties would agree to litigate the issue solely in the judicial forum and to abandon the Patent Office proceeding. This quite reasonable offer was rejected by the plaintiffs.

In light of the peculiar expertise of the Patent Office, we anticipate that that agency's adjudication of the priority issue can only aid the court in its ultimate determination of this lawsuit. Since plaintiffs have demonstrated no prejudice that may befall them as a result of a stay,[4] the § 291 claim is stayed pending termination of the Patent Office proceeding. *Research Corp. v. Radio Corp. of America* (D.Del.1960) 181 F.Supp. 709, *cf. Cover v. Schwartz* (S.D.N.Y.1939) 30 F.Supp. 261.

Motion to dismiss the § 291 claim is denied; motion to stay said claim is granted. Submit order.

---

**3.** 35 U.S.C. § 252 provides in pertinent part:

"**Effect of reissue**

"The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent."

**4.** The cases cited by plaintiffs in opposition to a stay are inapposite, as they either involved Patent Office proceedings which had been initiated by the defendant rather than the plaintiff, or which had not progressed as far as the one here involved. *General Foods Corp. v. Struthers Scientific & Int. Corp.* (D.Del.1970), 309 F.Supp. 161; *Kuhlke Mach. Co. v. Miller Rubber Co.* (N.D.Ohio 1925), 8 F.2d 614.