AMERSHAM
INTERNATIONAL, Plaintiff,

v.

CORNING GLASS WORKS, Defendant.

Civ. A. No. 85–3321–K.

United States District Court,
D. Massachusetts.

Oct. 16, 1985.

E. Randolph Tucker, Hill & Barlow, Boston, Mass., for plaintiff, Amersham Intern.

James L. Sigel, Ropes & Gray, Boston, Mass., Maurice Klee, Bridgeport, Conn., for defendant, Corning Glass Works.

## ORDER ON DEFENDANT'S
## MOTION TO STAY

JOYCE LONDON ALEXANDER, United States Magistrate.

Defendant, Corning Glass Works (Corning), brings this action to stay plaintiff's patent infringement suit, pending final disposition of an interference proceeding brought by defendant in the United States Patent and Trademark Office.

The patent infringement suit, brought by Amersham International (Amersham), concerns Amersham's patent no. 4,366,143 (143) issued on December 12, 1982. Patent 143 details a method of analyzing blood samples to ascertain the concentration of substances circulating in the blood. Apparently, Corning developed essentially the same procedure, for which it also received a patent (patent no. 4,410,633) on October 18, 1983.

On September 13, 1983, prior to Corning's receipt of its patent, Amersham instituted this suit for infringement, against Corning, in the United States District Court for the Eastern District of Michigan. Approximately three months later, on December 23, 1983, Corning filed for an interference proceeding in the U.S. Patent and Trademark Office. The interference is to determine the priority of invention between Amersham and Corning.

In March of 1984, Corning brought a motion before the Michigan Court asking that the infringement action be stayed pending the outcome of the interference. However, at the time of the stay request, an interference proceeding had not yet been declared by the patent office. Accordingly, the Michigan Court denied the motion in light of the uncertainty of the interference proceeding. Recently, on August 16, 1985, the patent office acted on defendant's petition and declared an interference proceeding.[1] In response, Corning again requests that the present suit be stayed pending the outcome of this interference.

A court's right to stay proceedings is inherent in its power to control its own docket. *Landis v. North American Corp.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936), *Harmon Kardon, Inc. v. Ashley Hi-Fi*, 602 F.2d 21, 23 (1st Cir.1979). The determination of whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and

---

1. Interference Proceeding No. 101,429.

maintain an even balance." *Landis*, 299 U.S. at 254–255, 57 S.Ct. at 166.

In its cogent memorandum, Corning contends that the interference proceeding encompasses the heart of the infringement claim. The interference will determine whether Amersham's or Corning's patent has priority. Consequently, if the patent office finds in favor of Corning, then Amersham would no longer hold a valid patent, making the present action moot. Therefore, Corning asserts it would be duplicitous, expensive, and an unnecessary waste of judicial resources to continue this action while the issue is pending before the government agency specifically trained in this area.

Despite these considerations, defendant has failed to overcome the heavy burden required to sustain a stay motion.[2] "[T]o be entitled to a stay, a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party." *Austin v. Unarco Industries*, 705 F.2d 1, 5 (1st Cir.1983), citing *Landis v. North American Corp.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

In the case *sub judice*, plaintiff is in the clear danger of being damaged by untoward delay. Although the U.S. Patent Office has granted an interference, the interference was approved on the basis of defendant's *ex parte* petition. Now the interference is first subject to plaintiff's challenges. Even if the interference survives the initial challenge, the process is likely to cover a protracted period.[3] Plaintiff might therefore be delayed many years before it is allowed to resume its cause of action.

There is no compelling reason to stay this proceeding. Discovery has already commenced, entailing the exchange of thousands of pages of documents and extensive interrogatories. Depositions of key personnel were to begin in September 1985 and no obstacle exists to bar rescheduling these depositions to begin in the next few weeks.

Accordingly, for the reasons stated above, the defendant's motion to stay the infringement action is denied.

---

**2.** Corning cites many cases which have granted a stay pending the outcome of an existing interference. Contrary to Corning's assertions, however, said cases are inapposite to the case at bar, where the stay was brought subsequent to the suit. The only precedent on point, *General Foods Corp. v. Struthers Scientific & International Corp.*, 309 F.Supp. 161 (D.Del.1970), is in accord with the findings of this Court.

**3.** The Patent Office took over 1½ years on defendant's petition before declaring it would grant an interference proceeding. It is unclear how long the remaining process will take, notwithstanding new rules promulgated by the Patent Office.