**SAINT–GOBAIN PERFORMANCE PLASTICS CORPORATION,**
Plaintiff,

v.

**ADVANCED FLEXIBLE COMPOSITES, INC.,**
Defendant.

**No. CIV.A. 05–40226–FDS.**

United States District Court,
D. Massachusetts.

May 15, 2006.

Thomas I. Elkind, Foley & Lardner, LLP, Boston, MA, James G. Morrow, Foley & Lardner LLP, Milwaukee, WI, Naikang Tsao, Foley & Lardner LLP, Madison, WI, for Plaintiff.

Stephen P. Carponelli, Carponelli & Krug, Chicago, IL, Kevin D. Erickson, Pauley Peterson & Erickson, Hoffman Estates, IL, William E. Hilton, Samuels, Gauthier & Stevens, Boston, MA, Defendant.

Maxwell James Petersen, Pauley Petersen & Erickson, Hoffman Estates, IL, for

Advanced Flexible Composites, Inc, Counter Claimant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO STAY PROCEEDINGS THREE MONTHS PENDING GRANT OR DENIAL OF REQUEST FOR REEXAMINATION

SAYLOR, District Judge.

Defendant Advanced Flexible Composites, Inc. ("AFC") has moved for an order staying this litigation for three months pending either a grant or denial of a request for reexamination that it filed on April 7, 2006, with the United States Patent and Trademark Office in connection with U.S. Patent No. 6,919,122.

AFC's request for reexamination is based on an alleged failure by Saint–Gobain to provide various prior art references in its application for the '122 patent. AFC argues that the PTO by law must determine whether to deny or grant the request within three months, that reexamination "will likely resolve significant issues related to the patentability of the '122 patent," and that a delay of three months is therefore reasonable under the circumstances. *See* 35 U.S.C. § 303(a); 37 C.F.R. § 1.515.

■ The determination whether to grant a stay is within the discretion of the Court, after consideration of the competing interests of the parties. *Amersham Int'l v. Corning Glass Works*, 108 F.R.D. 71 (D.Mass.1985). "To be entitled to a stay, a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party." *Id.* at 72 (quoting *Austin v. Unarco Indus.*, 705 F.2d 1, 5 (1983)).

Saint–Gobain objects to the proposed stay, among other reasons, on the grounds that a stay would unfairly prejudice it and that AFC has not demonstrated sufficient hardship. Saint–Gobain notes that the delay will be dramatically longer if AFC's request is granted; "[t]he average re-examination [in the PTO] takes 21 months," *In re Columbia Univ. Patent Litig.*, 330 F.Supp.2d 12, 16 (D.Mass.2004), and the process may well take several years, *see, e.g., NTP, Inc. v. Research In Motion, Ltd.*, 397 F.Supp.2d 785, 788 (E.D.Va. 2005). Saint–Gobain further asserts that AFC had timely notice of the patent application and subsequently provided substantial amounts of information (including prior art references) to Saint–Gobain, which Saint–Gobain then provided to the PTO. According to Saint–Gobain, AFC submitted 56 additional prior art references after the prosecution had been closed, which caused Saint–Gobain to petition the PTO to re-open prosecution in order to permit those references to be reviewed and which delayed issuance of the patent by six months.[1]

■ After the review of the evidence submitted by the parties, and consideration of the balance of hardships, the Court concludes that there is a substantial danger that the stay will prejudice Saint–Gobain and that AFC had not demonstrated a clear case of hardship if the stay does not issue. Accordingly, defendant's motion to stay proceedings in light of defendant's request for reexamination is DENIED.

**So Ordered.**

---

1. Saint–Gobain also asserts that there is "no likelihood" that the PTO would cancel all of the claims of the '122 patent that cover AFC's accused products, and therefore a stay would accomplish nothing.